**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDDIE GALLARDO,

       Petitioner,

vs.                                               No. CV 19-00605 MV/JFR

UNITED STATES OF AMERICA,

       Respondent.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Eddie Gallardo (Doc. 1). Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. However, Bureau of Prisons ("BOP") records and the Court's record reflect that Petitioner Gallardo has been released from custody. (*See* Doc. 1 at 4). Petitioner has failed to respond to a Court Order to Show Cause directing him to address the custody issue. (Doc. 2). Therefore, Petitioner Gallardo's § 2241 claims are moot, and this case will be dismissed due to the absence of a present case or controversy, for failure to comply with a Court order, and for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

When a prisoner is released from custody, his release may cause a previously filed petition for release from custody to become moot, as it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury

traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477.

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restrictions imposed by the terms of the parole) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. *See*, *e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968); *see also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner filed his petition for habeas relief under § 2241 while he was incarcerated and serving his sentence at the Federal Camp Yazoo City in Mississippi.  (Doc. 1 at 1).  Petitioner sought release from custody to home confinement.   (*Id.* at 1-2). Based on BOP records and the Petition, however, it appears that Gallardo was released in January 2020 and is no longer in federal custody. (Doc. 1 at 4). Accordingly, on May 13, 2020, the Court entered an Order to Show Cause, directing Petitioner to, within 30 days, address the custody issue and show cause why the case should not be dismissed.  (Doc. 2).

More than 30 days has elapsed, and Petitioner has not responded to the Court's Order to Show Cause.  Mail sent to him at his address of record at Federal Camp Yazoo City has been returned as undeliverable, also indicating that Petitioner has been released from BOP custody. (Doc. 3).  Because Petitioner has been released, there is no longer any case or controversy that can be remedied through a § 2241 proceeding. *Spencer*, 523 U.S. at 7–8.  Further, Petitioner's failure to respond to the Order to Show Cause constitutes a failure to comply with a Court order and failure to prosecute.  The Court may dismiss an action under Rule 41(b) for failure to prosecute,

to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).  Therefore, the Court will dismiss the Petition as moot and for failure to comply with a Court order and failure to prosecute.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Eddie Gallardo (Doc. 1) is dismissed as moot based on lack of a present case or controversy under Article III, § 2, of the Constitution and for failure to comply with a Court Order and failure to prosecute under Rule 41(b).

_____
UNITED STATES DISTRICT JUDGE